133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff, Appellant
and Cross-Appellee,
v.
Richard A. JACKSON, Wanda A. Jackson, Harry J. Cavahagh,
Geri Cavanagh, Clifton B. Cox, Helen Cox, Joseph A. Dupont,
Marilyn Dupont, James D. Fox, Geneva E. Fox, Louis S. Grubb,
Evelyn F. Grubb, William M. Kipp, Gayle Kipp, Clyde B.
Smith, Peggy J. Smith and John B. Stiteler Defendants,
Appellees and Cross-Appellants.
 Nos. 96-16157, 96-16465.
 United States Court of Appeals, Ninth Circuit.
 Jan. 5, 1998.
 
 1
 Before: FLETCHER and REINHARDT, Circuit Judges, and WARDLAW, District Judge.*
 
 ORDER
 
 2
 Appellant Federal Deposit Insurance Corporation ("FDIC") has filed a motion in its appeal of decisions of the United States District Court for the District of Arizona seeking certification of three issues of state law to the Arizona Supreme Court. For the reasons stated below, we deny this motion.
 
 
 3
 A federal court may, in its discretion, certify questions of state law to the state court in the absence of controlling state court precedent. Lehman Bros. v. Schein, 416 U.S. 386, 390-91 (1974). Arizona law provides the following procedure:
 
 
 4
 The supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States, a United States district court or a tribal court when requested by the certifying court if there are involved in any proceedings before the certifying court questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the intermediate appellate courts of this state.
 
 
 5
 Ariz.Rev.Stat. Ann. § 12-1861.
 
 
 6
 The reasons for certification must be "particularly compelling ... when certification is requested for the first time on appeal by a movant who lost on the issue below. Ordinarily such a movant should not be allowed a second chance at victory when ... the district court employed a reasonable interpretation of state law." Churchill v. F/VFjord (In re McLinn), 744 F.2d 677, 681 (9th Cir.1984).
 
 
 7
 This motion presents a clear case of a losing party seeking a "second chance." The FDIC now wants the Arizona Supreme Court to interpret the following three questions of state law raised in these consolidated actions: (I) the accrual date of the cause of action for negligent lending practices; (2) the application of the doctrine of adverse domination; and (3) the appropriate standard for corporate directors' liability for actions within the business judgment rule. While these are indeed potentially determinative questions of state law, they were so as of the time that the FDIC brought its claims in the district court. The FDIC has offered no good cause in its briefs nor on direct questioning at oral argument for the delay in moving for certification of these issues, much less a "particularly compelling" basis for certification now.
 
 
 8
 The motion is therefore denied.
 
 
 
 *
 Honorable Kim McLane Wardlaw, United States District Judge for the Central District of California, sitting by designation